UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN BOGER,

    Plaintiff,

    v.      CAUSE NO. 3:20-CV-307-RLM-MGG

CHARLEY JHON DOE, et al.,

    Defendants.

OPINION AND ORDER

    Stephen Boger was an inmate at the Miami Correctional Facility when, he says, his cellmate attacked him on February 12, 2019. He filed this complaint against his cellmate, the Miami Correctional Facility, and the staff working in his unit on the day of the attack. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

    Mr. Boger alleges that his cellmate, Charlie, attached him with a razor blade. Mr. Boger needed 22 stitches after the attack. Mr. Boger says he doesn't know why his cellmate attacked him, but that his cellmate used a lot of drugs. Mr. Boger further alleges that gang members robbed him repeatedly for about a

year because of his cellmate. He believes these actions violated his Eighth Amendment rights. He seeks compensatory and punitive damages.

Mr. Boger can't proceed against the Miami Correctional Facility. It is a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

Mr. Boger has also sued the staff of B Unit that were working on February 12, 2019. He hasn't identified any staff member by name. This type of unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Mr. Boger hasn't described any conduct by staff that suggests that his Eighth Amendment rights were violated. When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). The complaint doesn't contain facts suggesting that Mr. Boger was attacked by either his cellmate or the gang members that robbed him due to deliberate indifference on the part of jail staff.

The only other defendant that Mr. Boger has sued is his cellmate. To the extent he may have a claim against his cellmate, it isn't a federal claim because the cellmate wasn't acting on behalf the state. Mr. Boger might have a state law claim for battery, but in the absence of a federal claim, a federal court

relinquishes jurisdiction over any state law claims. *See* <u>Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.</u>, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

Mr. Boger's complaint doesn't state any federal claims. Nonetheless, he will be given a chance to replead his claims. <u>Luevano v. WalMart Stores, Inc.</u>, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); <u>Loubser v. Thacker</u>, 440 F.3d 439, 443 (7th Cir. 2006). If he files an amended complaint, it should explain in Mr. Boger's own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Stephen Boger; and

(2) GRANTS Steven Boger until **September 7, 2020**, to file an amended complaint on that form.

If Mr. Boger doesn't respond by that deadline, his claims based on the Eighth Amendment will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a federal claim on which relief can be granted, and any state law claims will be dismissed without prejudice.

SO ORDERED on August 6, 2020

                                        s/ Robert L. Miller, Jr.  
                                        JUDGE  
                                        UNITED STATES DISTRICT COURT