UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHEN BOGER,

    Plaintiff,

    v.         CAUSE NO. 3:20-CV-307-RLM-MGG

CHARLEY JHON DOE, et al.,

    Defendants.

OPINION AND ORDER

Stephen Boger was an inmate at the Miami Correctional Facility when his cellmate attacked him on February 12, 2019.[1] He has filed an amended complaint against his cell mate, the Miami Correctional Facility, and the staff working in his unit on the day of the attack. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Boger alleges essentially the same facts as in the original complaint. Mr. Boger and his cellmate, a member of the Aryan Brotherhood gang, couldn't get along. On February 12, 2019, his cellmate, Charly, attacked him while he was asleep, beating him and cutting him with a razor blade. Mr. Boger needed 22 stitches after the attack. He reported this to his caseworker, requesting a bed

---

[1] Mr. Boger now resides at the Putnamville Correctional Facility.

change, but he didn't get help. Mr. Boger has had trouble with gangs as a result of his conflict with his cellmate. He believes his Eighth Amendment rights have been violated and seeks monetary damages.

As explained in an earlier order, Mr. Boger can't proceed against the Miami Correctional Facility. It's a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

Likewise, the court has explained that Mr. Boger can't proceed against the staff of B Unit that were working on February 12, 2019, because he hasn't identified any staff member by name. Unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

The amended complaint, like the original complaint, doesn't describe any conduct by staff that suggests that Mr. Boger's Eighth Amendment rights were violated. When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). The complaint doesn't contain facts suggesting that Mr. Boger was attacked by either his cellmate or the gang members that robbed him due to deliberate indifference on the part of jail staff.

The only other defendant that Mr. Boger has sued is his cellmate. To the extent he might have a claim against his cellmate, it's not a federal claim. If no

federal claim remains, a federal court generally relinquishes jurisdiction over any state law claims. *See* Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs., 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

For the reasons set forth above, the court DISMISSES Stephen Boger's federal claims pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a federal claim for which relief can be granted, and DISMISSES Stephen Boger's state law claims against his cellmate, Charly John Doe, WITHOUT PREJUDICE.

SO ORDERED on September 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT